Sixth Circuit—Comprised of the States of Ohio, Michigan, Tennessee, Kentucky.

Presiding Justice, William R. Day of Ohio, Justice of Supreme Court.

Circuit Judges—Loyal E. Knappen, Grand Rapids, Michigan; Arthur C. Denison, Grand Rapids, Michigan; Maurice H. Donahue, New Lexington, Ohio.

Clerk—Arthur B. Mussman, Cincinnati.

Deputy Clerk—Frank A. Hight, Federal Building, Cincinnati.

Terms, at Cincinnati, Federal Building, on the first Monday of October, and adjourned sessions on the Tuesday after the first Monday of each other month in the year, except August and September.

At the October, February and May sessions of the court (called Calendar Sessions), there is a regular and peremptory call of the calendar containing all the cases on the docket, which should be ready for hearing.

At the July session, no cases are heard, except on special order of the court.

This Term began October 2, 1922.

### RULES OF COURT
#### Return Days

All appeals, writs of error and citations must be made returnable not exceeding thirty days from the day of signing the citation, whether the return day fall in vacation or in term time, and be served before the return day.

#### Briefs

Counsel for defendant in error or appellee before the first day of the term if the clerk deliver to him a printed record of the case 60 days before the first day of such term; or 20 days if the record is delivered not less than 80 days before the first day of such terms, and in all other cases 15 days after receipt of such printed record, within the same time such counsel shall give to counsel of defendant in error or appellee five printed copies of such brief.

Counsel for defendant in error or appellee are to file twenty copies of his brief 30 days before the case is called for hearing and give five copies to the counsel for plaintiff in error or appellant.

### No. 48
### GLENBERG V. UNITED STATES

U. S. Circuit Court of Appeals, Sixth Circuit. No. 3727. June 6, 1922

Knappen, Denison and Donahue, Circuit Judges

DONAHUE, C. J.

#### Epitomized Opinion

Prosecution by the U. S. District Court, N. D. O. before Westenhaver, Judge. Error to reverse judgment of conviction of violating the Harrison Anti Narcotic Act.

A motion for a new trial was made in the district court, on the ground of newly discovered evidence, and over ruled and sentence imposed. A number of affidavits were filed in support of the motion. The Court of Appeals held,

.(1) A motion for a new trial is directed to the sound discretion of the court, and overruling it is not reviewable, except for an abuse of discretion. In view of the conflicting evidence, that of one affiant being contradictory of his evidence at the trial in two important particulars, and wholly inconsistent therewith, and in his affidavit and that of the others being contradicted by counter affidavits, it cannot be said that the action of the trial court in overruling the motion for a new trial was an abuse of discretion.

(2) The queston of the sufficiency of evidence is not presented by the record, but, if it were, it is clear that the verdict of guilty is sustained by substantial evidence, sufficient to furnish the certainty required in a criminal case. Judgement of district court affirmed.

Attorneys—T. S. Dunlap, Cleveland, for Glenberg; Berkelew Henderson, Cleveland, for the U. S.

### No. 49
### PRESONT v. UNITED STATES

U. S. Circuit Court of Appeals, Sixth Circuit. No. 3634. May 4, 1922

INTOXICATING LIQUORS—Certain prihibition offenses are misdemeanors, and PER CURIAM conviction of misprison of is erroneous.

DONAHUE, J.

#### Epitomized Opinion

Prosecution in the U. S. District Court, N. D. O. Error to reverse judgment of conviction before Judge Killits, Knappen, Denison and Donahue, Circuit Judges.

Presont and two other defendants for offenses under the national prohibition act. The two other defendants disclaimed all knowledge of the unlawful acts. The jury was instructed that knowledge that the law was being violated by either of the defendants subjected them to punishment for failing to inform the judge of the District Court. Presont was found guilty and sentenced. The Court of Appeals held that law under which the conviction was had, applied only to misprison of felony, and neither of the offenses charged were felonies. The judgment was reversed and new trial awarded.

Attorneys—Sidney G. Kusworm, Dayton, for Presont; G. J. Pilliow, Asst. Dis. Atty. Toledo, for the U. S.

### OCCUPATIONS TAX

Cincinnati won a final victory in the Ohio Supreme Court when that body recently affirmed the decision of Hamilton County Courts and upheld the city ordinance levying an annual occupational tax upon persons and corporations engaged in loaning money.

The companies engaged in these lines of business sought to restrain the collection of the taxes upon the ground that a state law asserts that "no other and further license fee shall be required from any such licenses by the state or any municipality." The Supreme Court held that the state law requiring licenses is a regulatory as distinguished from a revenue measure and that the further provisions of law in no way restricts the state or the municipalities from levying an excise tax upon the business as a revenue measure.

The fact being that no city has the revenues its tax spenders think it should receive, and many of them put in extra time, trying to find new sources of getting more income, this decision has been received with much interest throughout the state, and in many places ordinances are being prepared to increase the production of funds from license sources. How far the courts will let the cities go in this species of taxation, is a quandary, but most of them will go the limit, in the hope that good fortune will favor them.

The following clipping from the Youngstown Vindicator shows the voice of public opinion:

"Since we must become reconciled to paying more taxes, there is probably none more practical or less objectionable than the proposed tax on occupations, according to which every man would be assessed a certain amount toward the support of the city according to the work he does. (Idlers are of course subject to a special rating.) In other states such taxes have been levied for years. Here in Youngstown they would have the virtue of making men who are not property owners and do not now contribute anything toward the support of the city, pay something for the protection and advantages they derive from residence here."

**For Federal District Courts, see pp. 48, 49**